IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,317-01






EX PARTE BOBBY REESE SKINNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 48,685-A IN THE 30TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of possession of
methamphetamine as a repeat felony offender and was sentenced to life in prison. The Second Court
of Appeals affirmed the conviction and sentence. Skinner v. State, No. 02-10-00193-CR
(Tex.App.--Fort Worth del. Aug. 31, 2011).

 Applicant alleges that his trial and appellate counsel provided ineffective assistance, that
there was no evidence to support the conviction, and that he was denied a fair trial due to juror bias.

 Regarding the ineffective assistance of trial counsel claim, Applicant raises several
complaints. He claims that trial counsel admitted to not examining the State's evidence and that
counsel was not prepared for trial, as evidenced by counsel's announcement of not ready and his
requests for continuances. Consequently, Applicant argues, trial counsel proceeded to trial but failed
to challenge the veracity of law enforcement testimony and failed to mount a Fourth Amendment
challenge. He also complains that trial counsel failed to adequately examine witnesses, who
Applicant states counsel never interviewed or investigated, that trial counsel failed to present a
plausible defense because counsel was completely unaware of the facts of the case, and that trial
counsel failed to adequately prepare for Applicant's own testimony. Applicant also alleges trial
counsel failed to adequately voir dire the venire panel to prevent the aunt of the State's lead
investigator of the case from sitting on and contaminating the jury with facts not in evidence. 

 Regarding the ineffective assistance of appellate counsel claim, Applicant alleges appellate
counsel raised only one issue that was frivolous, but other, meritorious issues were available and
should have been raised. He contends these issues were developed at trial and at a motion for new
trial hearing where it was adduced that insufficient evidence--in fact no evidence--connected him
to the methamphetamine and where it was shown juror bias had infected his trial, rendering it
fundamentally unfair.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex.Crim.App. 1999). There is no
response from either trial or appellate counsel in the record provided to this Court, and there are no
findings from the trial court. In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex.Crim.App. 1960), the trial court is the appropriate forum
for findings of fact. 

 The trial court shall order trial and appellate counsel to respond to Applicant's claims of
ineffective assistance by explaining their respective representation of Applicant, including applicable
strategy and tactical decisions. To obtain the responses, the trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine
whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding Applicant's
claims of ineffective assistance of trial and appellate counsel, no evidence, and juror bias. The trial
court may also make any other findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: October 3, 2012

Do not publish